IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**UNITED STATES OF AMERICA**

v.                                                                                          Case No.  3:09cr91-LAC

**PEDRO BENEVIDES**

_____

## GOVERNMENT'S MOTION TO DISMISS CASE

COMES NOW the United States of America, by and through the United States Attorney for the Northern District of Florida and the undersigned Assistant United States Attorney, and pursuant to Fed. R. Crim. P. 48(a), requests that the Court allow the dismissal of the above-referenced Indictment regarding the defendant, Pedro Benevides, for the following reasons:

The government's case against the defendant relies heavily on the testimony of two cooperating defendants, Marvin Jackson and Kenneth Henderson. In recent pre-trial interviews, witness Henderson has made statements that are materially inconsistent with prior statements that he previously made to the government. The inconsistent statements regard material matters. Additionally, the witness has admitted that he has lied to government authorities on other material matters as late as two recent debriefings.

As a result of the foregoing, the government can no longer in good faith put Mr. Henderson on the witness stand with any expectation that his testimony at trial would be truthful.

Mr. Henderson was an essential government witness. While the remaining evidence may arguably be sufficient to sustain a conviction on appeal, the applicable standard for the Department of Justice in the prosecution of cases is whether or not the government reasonably believes "the admissible evidence will probably be sufficient to obtain and sustain a conviction." United States Attorney Manual (USAM) Section 9-27.220. After a careful and deliberate evaluation of the remaining evidence, the government no longer has a good faith belief that with the evidence that remains the defendant "probably will be found guilty by an unbiased trier of fact." *Id.*; *United States v. Cowan*, 524 F.2d 504 (5th Cir. 1975), *certiorari denied* 96 S.Ct. 2168, 425 U.S. 971, 48 L.Ed.2d 795.

In accordance with N.D. Fla. Loc. R. 7.1(B), Barry A. Cohen, Esq., for the defendant, was contacted by the undersigned Assistant United States Attorney and he does not oppose the filing of a dismissal of the Indictment against the defendant.

Therefore, in light of the foregoing, and pursuant to Federal Rule of Criminal Procedure 48(a), the government requests that the Court enter an order dismissing the Indictment. Further, based on information and belief, the defendant is still the subject of

an immigration detainer (pending a deportation hearing based on the defendant's prior criminal history), and is not eligible for release from custody.

>Respectfully submitted,
>
>*/s/ Thomas F. Kirwin*
>THOMAS F. KIRWIN
>United States Attorney
>
>*/s/ Thomas P. Swaim*
>THOMAS P. SWAIM
>Assistant United States Attorney
>Northern District of Florida
>North Carolina Bar No. 10064
>21 East Garden Street, Suite 400
>Pensacola, Florida 32502-5675
>(850) 444-4000

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to Barry A. Cohen, Esq., Kevin J. Darken, Esq. and Todd A. Foster, Esq., counsel for defendant, this 11th day of February 2010.

>*/s/ Thomas P. Swaim*
>THOMAS P. SWAIM
>Assistant United States Attorney